UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CLIFTON MASSEY, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:13-cv-00747-JMS-TAB |
| | ) |
| ALSIP, Assistant Superintendent, et al., | ) |
| | ) |
| Defendants. | ) |

**Entry Dismissing Complaint and Directing Entry of Final Judgment**

**I.**

Clifton Massey ("Massey") is an inmate at Pendleton Correctional Facility. On May 7, 2013, Massey filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth and Fourteenth Amendment rights.

Massey names five defendants: 1) Assistant Superintendent D. Alsip; 2) Sgt. Rhinehart (Disciplinary Hearing Officer); 3) Officer P. Guffey (Disciplinary Review Officer); 4) Officer P. Dickson (Appeals Review Officer); and 5) Dan Fountain (Counselor). He seeks monetary damages and injunctive relief.

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

"A complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797,

803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II.

### A.

Massey alleges that all of the defendants acted with malice in keeping him in pre-segregation ("red tag") status without hot meal food trays for twenty (20) days. He alleges that the defendants refused to prepare the proper paper work to allow him to receive food trays in his cell from October 31, 2012, until November 20, 2012.

The Court directed the plaintiff to clarify his ambiguous complaint by stating whether he alleges that he was denied *food* for twenty days, or whether he was denied the opportunity to receive food trays *in his cell* for twenty days. Massey responded by reporting that he was denied three hot meals a day. He further alleges that he was not provided a shower every three days or the opportunity for one hour of recreation outside the cell every day. He also alleges that he was denied good time credit without due process of law. The Court will address each claim in turn.

### B.

To support an Eighth Amendment conditions of confinement claim, Massey must allege that he suffered a sufficiently serious constitutional deprivation and that the defendants acted with deliberate indifference to the conditions of his confinement. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). Massey is entitled to be housed under humane conditions and provided with "adequate food, clothing, shelter, and medical care." *Id.* at 832. To be sufficiently serious, "a

prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* at 834 (internal quotation omitted).

*Hot Meals*

"Under the Eighth Amendment, a prisoner's diet must provide adequate nutrition." *Mays v. Springborn,* 575 F.3d 643, 648 (7th Cir. 2009). Beyond that, some of the unpleasantries that may arise in prison do not amount to a constitutional violation. *See Laufgas v. Speziale*, 263 Fed.Appx. 192, 198 (3d Cir.2008) ("there is no constitutional right to hot meals."); *Brown-El v. Delo,* 969 F.2d 644, 648 (8th Cir. 1992) (claim that being served cold food in segregation for 16 days was frivolous); *Hamm v. DeKalb County,* 774 F.2d 1567, 1575 (11th Cir. 1985) ("The fact that the [prison] food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation."); *Jefferson v. Hodge,* No. 13-cv-106-GPM, 2013 WL 2284953, *7 (S.D.Ill. May 22, 2013) (inmates have a right to adequate nutrition but "there is no right to appetizing meals-no right to hot breakfasts."). Here, Massey does not allege that his meals lacked sufficient nutrition. He alleges that for twenty (20) days he was not provided "three hot meals a day." This claim must be dismissed for failure to state a claim upon which relief can be granted.

*Showers*

Massey's claim concerning the number of showers he received during his twenty (20) day stay in pre-segregation is vague. He alleges he was *not* allowed a shower every three days, but he does not say how often he *was* permitted to shower. In any event, he does not have a constitutional right to have a shower every three days. *See Henderson v. Lane,* 979 F.2d 466, 469 (7th Cir. 1992) (one shower per week is constitutionally sufficient). This claim fails to state a claim upon which relief can be granted.

*Outdoor Recreation*

Massey alleges that while confined in pre-segregation status, he was not provided one hour of recreation outside his cell every day. As to this type of claim, the Seventh Circuit has provided guidance to prison authorities by concluding that a "denial of yard privileges for no more than 90 days at a stretch is not cruel and unusual punishment." *Pearson v. Ramos,* 237 F.3d 881, 884-85 (7th Cir. 2001). "[A] total restriction [on the opportunity to exercise] is acceptable only when that restriction is short term." *Id.* at 889 (noting that four weeks is a short time) (Ripple, J. concurring); *see also Delaney v. DeTella,* 256 F.3d 679, 683-84 (7th Cir. 2001) (short term denials of exercise are not so detrimental as to constitute a constitutional violation) (collecting cases of 10 days, 30 days, 70 days). In-cell exercise may serve as an adequate alternative to out-of-cell exercise. *Pearson*, 237 F.3d at 890 (Ripple, J. concurring). *See also Thomas v. Illinois*, 697 F.3d 612, 614–15 (7th Cir. 2012) (depending on the severity, duration, nature of the risk, and susceptibility of the inmate, prison conditions may violate the Eighth Amendment if they caused either physical, psychological, or probabilistic harm). Here, Massey does not allege that he suffered any detriment to his health or that he lacked the ability to exercise in his cell. In addition, the length of time at issue is too short to violate the Constitution. Under these circumstances, Massey's lack of outdoor recreation claim fails to state a claim upon which relief can be granted and therefore must be dismissed.

*Segregation*

The Court has liberally construed Massey's complaint as asserting a claim that his twenty (20) day placement in pre-segregation status violates his right to due process. The Seventh Circuit has explained that "both the duration *and* the conditions of the segregation must be considered in the due process analysis; if the conditions of segregation were significantly harsher than those in the normal prison environment, then a year of [segregation] might count as a

deprivation of liberty where a few days or even weeks might not." *Marion v. Columbia Correction Inst.*, 559 F.3d 693, 698 (7th Cir. 2009) (internal quotation omitted). The Seventh Circuit has described an inmate's liberty interest in avoiding segregation as "very limited or even nonexistent" in cases that involve relatively short periods of time. *Id.* at 697, n. 2. (collecting cases); *see i.e.*, *Townsend v. Fuchs*, 522 F.3d 765, 772 (7th Cir. 2008) ( "inmates have no liberty interest in avoiding placement in discretionary segregation") (59 days); *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (analyzing conditions of confinement, but also noting that prisoner's 90 day segregation "was still not so long as to work an atypical and significant hardship"); *Thomas v. Ramos*, 130 F.3d 754, 761 (7th Cir. 1997) (no liberty interest was implicated, 70 days in segregation "was obviously a relatively short period when one considers his 12 year prison sentence"). Here, no due process concern is implicated by Massey's twenty (20) day confinement in pre-segregation status. This claim is dismissed for failure to state a claim upon which relief can be granted.

*Good Time Credit*

In a single phrase in his supplement, Massey alleges that the defendants "denied plaintiff good time credit without due process of law." Massey has alleged no facts concerning the circumstances surrounding a loss of good time credit and for that reason alone, he has failed to state a claim upon which relief can be granted. *Ashcroft v. Iqbal,* 556. U.S. 662, 678  (2009) ("Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement.") (internal quotation omitted). In addition, he cannot challenge in a civil rights action the revocation of good time credits, which, if restored, would result in a shorter sentence. *Preiser v. Rodriguez,* 411 U.S. 475 (1973). Such a claim must be brought in a habeas corpus action. *Moran v. Sondalle,* 218 F.3d 647, 650-51 (7th Cir. 2000). Any due process claim

concerning the denial of good time credit is dismissed without prejudice for failure to state a claim upon which relief can be granted.

### C.

"[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th. Cir. 2008). That is the situation here. Massey has alleged no viable federal claim against any defendant. Dismissal of the complaint pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/10/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Clifton Massey
DOC #894401
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064